# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-676-MOC-DSC

| | |
|---|---|
| **JAMES R. BLACKWELDER,** *et al.,* <br><br> **Plaintiffs,** <br><br> v. <br><br> **HORTER INVESTMENT MANAGEMENT, LLC,** <br><br> **Defendant.** | **ORDER** |

This matter comes before the Court on Defendant Horter Investment Management, LLC's Motion to Dismiss Plaintiff's Complaint, or, Alternatively, to Stay the Proceedings and Compel Arbitration. (Doc. No. 3). Defendant filed the Motion on January 30, 2020. Plaintiffs filed their Response on February 28, 2020, and Defendant filed a Reply on March 6, 2020. Thus, this matter is ripe for disposition.

The Court, having considered the parties' briefing, pleadings, and applicable case law, enters the following **ORDER**:

The Court finds that the parties' arbitration clause is enforceable as written, notwithstanding the American Arbitration Association's ("AAA") refusal to arbitrate a portion of the instant dispute. Indeed, the parties agree in their pleadings that the agreement provides for arbitration and that Cincinnati, Ohio is the agreed-upon venue. The Agreement provides that:

> [Plaintiffs] and [Defendant] both agree that all controversies which may arise between them concerning any transaction or construction, performance or breach of this agreement that cannot be settled, be submitted to binding arbitration in accordance with the rules, then in effect, of the American Arbitration Association. [Plaintiffs] and [Defendant] agree that any such arbitration would be venued in Cincinnati, Ohio.

(Ex. 1 to Def. Memo in Support, Doc. No. 4-1, § 14).

The plain language of the parties' agreement does not require administration by the AAA. Rather, arbitration need only be conducted according to AAA Rules. In accordance with the parties' agreement, the Court **ORDERS** that the parties shall arbitrate all the claims in Plaintiffs' Complaint, and such arbitration shall be venued in Cincinnati, Ohio, unless the paries can otherwise agree on an alternative forum for arbitration.

This Court, therefore, **GRANTS** Defendant's alternative Motion to Compel Arbitration. To this extent, Defendant's Motion to Dismiss, (Doc. No. 3), is **GRANTED in part and DENIED in part**. The Court further orders that this litigation shall be stayed pending conclusion of the arbitration. The parties shall file a status update within fourteen (14) days of the conclusion of the arbitration proceedings.

Signed: March 12, 2020

Max O. Cogburn Jr
United States District Judge